UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CECIL C. LILLARD                  ]
    Plaintiff,                 ]
                                  ]
v.                                ]        No. 3:14-1741
                                  ]        Judge Campbell
SOUTH PRECINCT, et al.            ]
    Defendants.                ]


M E M O R A N D U M


The plaintiff, proceeding *pro se*, is a resident of Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the South Precinct of the Metropolitan Nashville Police Department and Steve Anderson, Chief of the Metropolitan Nashville Police Department, seeking unspecified relief.

The plaintiff alleges that officers of the South Precinct have been harassing him in retaliation for a complaint he filed against a detective in 2006.

The plaintiff has named Chief Anderson as a defendant. The plaintiff can not, however, sue a defendant solely because of his status as supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the

complaint fails to state a cause of action upon which relief can be granted. *See* <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there are no factual allegations suggesting that Chief Anderson is in any way involved in the alleged harassment of the plaintiff. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a claim against Chief Anderson.

The plaintiff is also suing the South Precinct. A police precinct, though, is not a person that can be sued under 42 U.S.C. § 1983. <u>Rhodes v.McDannel</u>, 945 F.2d 117, 120 (6th Cir. 1991).

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge